# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

| | |
|---|---|
| In Re: Neo Wireless, LLC, Patent Litigation | Case No.   2:22-md-03034-TGB<br><br>Hon. Terrence G. Berg |
| Neo Wireless, LLC, v.<br>Ford Motor Company | 2:22-CV-11402-TGB |
| Neo Wireless, LLC, v.<br>American Honda Motor Co., Inc., et al. | 2:22-CV-11403-TGB |
| Neo Wireless, LLC, v.<br>Volkswagen Group of America, Inc. et al. | 2:22-CV-11404-TGB |
| Neo Wireless, LLC, v.<br>Nissan North America Inc. et al. | 2:22-CV-11405-TGB |
| Neo Wireless, LLC, v.<br>Toyota Motor Corporation et al. | 2:22-CV-11406-TGB |
| Neo Wireless, LLC, v.<br>General Motors Company et al. | 2:22-CV-11407-TGB |
| Neo Wireless, LLC, v.<br>Tesla Inc. | 2:22-CV-11408-TGB |
| Neo Wireless, LLC, v.<br>Mercedes-Benz USA, LLC | 2:22-CV-11769-TGB |
| Neo Wireless, LLC, v.<br>FCA US LLC | 2:22-CV-11770-TGB |

## JOINT RULE 26 REPORT AND PROPOSED SCHEDULING ORDER

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties to

this case, by and through their respective counsel, jointly submit this Rule 26(f)

Report and Proposed Scheduling Order:

| | The Parties' Joint Proposal |
|---|---|
| Initial Disclosures | Wednesday, September 14, 2022 |
| Fact Discovery Commences | Wednesday, August 10, 2022 |
| Infringement Contentions[1] | Wednesday, September 28, 2022 |
| Invalidity Contentions | Wednesday Nov. 16, 2022 |
| Deadline to Amend Pleadings and Add Parties | Friday, December 16, 2022 |
| Contact Technical Advisor to Schedule Settlement Conference (Court) | TBD |
| Initial Identification of Disputed Claim Terms | Thursday, December 1, 2022 |
| Exchange Proposed Interpretations of Disputed Claim Terms | Wednesday, December 15, 2022 |
| Final Identification of Disputed Claim Terms | Wednesday, January 18, 2023 |
| Informal Technology Tutorial (Court) | TBD |
| Plaintiff's Opening Claim Construction Briefs | Thursday, February 16, 2023 |
| Defendant's Responsive Claim Construction Brief | Thursday, March 16, 2023 |
| Plaintiff's Reply Claim Construction Brief | Thursday, March 30, 2023 |
| Claim Construction Hearing (Court) (2-3 months from deadline of Plaintiff's Reply Claim Construction Brief) | TBD |

---

[1] The Parties agree to address all non-burden contentions (e.g., non-infringement contentions) through traditional discovery requests. The parties further agree that they may jointly modify the schedule upon agreement of all parties to the extent such modifications do not impact the timing for filing of claim construction briefs; claim construction hearing; or dispositive motion deadlines. Modification to the timing for filing of claim construction briefs; claim construction hearing; or dispositive motion deadlines shall require an order of the Court.

|  | The Parties' Joint Proposal |
|---|---|
| Deadline for Parties to Amend Contentions | 1 Month after *Markman* Order |
| Fact Discovery Closes | 10 Weeks after *Markman* Order |
| Expert Reports on Infringement (Plaintiff), Invalidity (Defendant), and Damages (Plaintiff) | 14 Weeks after *Markman* Order |
| Rebuttal Expert Reports | 18 Weeks After *Markman* Order |
| Expert Discovery Deadline | 22 Weeks after *Markman* Order |
| Dispositive Motion Deadline | 26 Weeks after *Markman* Order |
| Oppositions to dispositive motions | 21 days from filing |
| Replies to dispositive motions | 14 days from oppositions |

## I.     RULE 26(f) CONFERENCE

Pursuant to Rule 26(f), the parties held an initial meeting on August 10, 2022, which was attended by attorneys from all parties as set forth in the signature blocks below.

## II.    DISCOVERY PLAN

The discovery in this case is limited to the disclosures described in the following paragraphs. Where a limit is defined by Defendant that limit shall apply to a group of legally affiliated Defendants.

a.    **Interrogatories.** Plaintiff may serve up to 25 interrogatories on each Defendant. Defendants may serve 15 joint interrogatories on Plaintiff, and each party Defendant may serve 10 individualized interrogatories on Plaintiff. Individualized interrogatories may not be used by Defendants to indirectly increase the number of joint interrogatories.

b.    **Requests for Admission.** Plaintiff may serve up to 40 requests for admission on each party Defendant. Defendants shall serve 20 joint requests for admission on Plaintiff, and each party Defendant may serve 20 individualized requests for admission on Plaintiff. This limit does not apply to requests for admission that seek an admission as to the authenticity of a document or thing. Such requests for admission as to authenticity will be unlimited, clearly denoted as such, and served separately from other requests for admission. Individualized requests for admission may not be used by Defendants to indirectly increase the number of joint requests.

c.    **Depositions.**

i.    **Party Witnesses:** Plaintiff may take up to 70 hours of 30(b)(1) or 30(b)(6) depositions from each party Defendant. Defendants may collectively take 100 hours of 30(b)(1) or 30(b)(6) depositions from Plaintiff. Defendants must take all reasonable efforts to avoid duplicative questioning against Plaintiff's witnesses. Notwithstanding the foregoing, the deposition of any single fact witness will be limited to 7 hours unless that

witness is cross-noticed in multiple cases, then the deposition will be limited to 7 hours plus an additional 2 hours per additional case for which the witness was cross-noticed up to a maximum of 14 hours. If either side believes that additional time with a particular witness is necessary, the parties shall meet and confer in good faith in order to reach an agreement.

ii.   **Third Party Witnesses:** The deposition of any single third-party witness will be limited to 7 hours absent leave of Court or written agreement of the parties and the witness or designating entity.

iii.   **Expert Witnesses:** No more than 7 hours of expert witness deposition testimony may be taken by each side for each disclosed expert witness who provides a report, except that if such a witness submits testimony in multiple reports (e.g., infringement and validity or multiple infringement reports), submits an infringement or non-infringement report for more than one defendant party (e.g., alleging infringement or non-infringement by multiple defendant groups), or submits a report that

responds to multiple reports, the limit will be 7 hours plus 4 hours for each additional report and 2 hours per additional infringement defendant, up to a maximum of 18 hours.

iv.   **Interpreters and Translators:** Any deposition requiring the use of an interpreter or translator may be up to 10.5 hours (subject to the parties' agreements in Sections 2(c) i-iii) such that a 7 hour deposition under Federal Rule of Civil Procedure 30(d)(1) would instead be limited to 10.5 hours. A deposition using a translator counts for 2/3 time in relation to limits, such that a 10.5 hour deposition would be counted as 7 hours of time. The deposition can be split over two days at the election of the producing party or producing non-party.

## III.   SUBJECTS AND NATURE OF DISCOVERY

### A.   DISCOVERY BY PLAINTIFF

Plaintiff anticipates seeking discovery on at least the following topics: (1) the structure, function, and operation of the accused products; (2) the development of the allegedly infringing features; (3) the importance of those features to the operation and performance of the accused products; (4) issues relating to damages, including

the importance of the patented features to Defendants' customers and Defendant's sales and profits realized for the accused products and any ancillary sales made as a result of the accused products; (5) the factual basis for Defendants' defenses; (6) claim construction of the patents-in-suit; (7) Defendants' knowledge of the patents-in-suit and efforts to avoid infringement; and (8) factual basis of Defendants' beliefs that the patents-in-suit are invalid or not infringed. Plaintiff further anticipates taking discovery from third parties, including third-party carriers and third-party manufacturers of components incorporated into the accused products.

### B. DISCOVERY BY DEFENDANT

Defendants anticipate seeking discovery on at least the following topics: (1) the factual basis for Plaintiff's allegations, including infringement, willful infringement, validity, and damages; (2) the patents-in-suit and the prosecution history of the patents-in-suit and related patents, including records created during *inter partes* review proceedings involving the patents-in-suit and any related patents; (3) the conception, reduction to practice, research, development, and use of the alleged inventions claimed in the patents-in-suit; (4) the prior art to the asserted patents; (5) the ownership of the patents-in-suit; (6) the implementation (if any) of the patents-in-suit in the LTE standard or 5G standard; (7) compliance with and/or agreements pertaining to commitment(s) to license the asserted patents on fair, reasonable, and non-discriminatory terms; (8) communications and agreements

between Neo (and any predecessors) and third parties regarding the patents-in-suit, including settlement agreements; (9) pleadings, documents, discovery, and transcripts from other proceedings involving the asserted patents or related patents, and (10) any valuation of the patents-in-suit.

## C. ELECTRONICALLY STORED INFORMATION

The parties agree to take reasonable steps to preserve potentially relevant ESI. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

Absent agreement of the parties or further order of this Court, the following parameters shall apply to ESI production:

a. **General Document Image Format.** Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format, where possible. For example, it is understood that TIFF formatting may in some instances only be possible for black and white images and not color images. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension, where possible. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed

notes shall be maintained as they existed in the original document.

b. **Text-Searchable Documents.** The parties will provide document-level searchable text for all produced documents. Electronically extracted text shall be provided if available for all documents collected from electronic sources. Text generated via Optical Character Recognition ("OCR") shall be provided for documents originally maintained in hard copy, redacted documents, and electronic documents that do not contain electronically extractable text (e.g. non-searchable PDF documents and image files).

c. **Footer.** Each document image shall contain a footer with a sequentially ascending production number.

d. **Native Files.** A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format. The parties agree that .xls and .csv files will not be converted to another format and instead will be produced

natively without a specific request for native production, absent good cause to produce in another format.

e. **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

f. **Load Files.** Metadata load files will contain the applicable fields listed in Exhibit A, if available based on reasonable collection efforts.

A party is only required to produce a single copy of a responsive document and a party may de-duplicate identical responsive ESI (based on MD5 or SHA-1 hash values at the family level) across custodians. To the extent that de-duplication through MD5 or SHA-1 hash values is not possible, or to the extent that population of the above fields is not possible or practicable, the parties shall meet and confer to discuss any other proposed method of de-duplication.

**Email Discovery:** Normal ESI discovery shall not include discovery of e-mail records. E-mail discovery shall initially be limited to dedicated searches of two custodians per party, according to the framework set forth below. Beyond that, no

further e-mail discovery shall be permitted absent agreement of the parties, or a showing of good cause and order of the court. To the extent a party believes additional e-mail discovery is necessary, the parties shall meet and confer at that point regarding the need for and the least burdensome method of obtaining those additional e-mail records. By way of example, good cause for additional e-mail discovery will exist where a party selectively produces or intends to rely on e-mails that were not captured by the opposing side's initial e-mail production requests ("cherry picking"), thus entitling the opposing side to collect any additional relevant emails from that custodian.

The parties' initial e-mail production requests shall be phased to occur timely after the parties have exchanged initial disclosures, a specific identification of the most significant e-mail custodians in view of the pleaded claims and defenses, infringement contentions and accompanying documents, invalidity contentions and accompanying documents, and preliminary information relevant to damages (including but not limited to a party's likely 30(b)(6) designees). The exchange of this information shall occur at the time required under the Federal Rules of Civil Procedure, Local Rules, or by order of the court.

E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. Each side shall limit its initial e-mail production

requests to a total of two custodians per party for all such requests. (In other words, Plaintiff may choose two custodians per Defendant group, and Defendants may collectively choose two custodians for Plaintiff.)

Upon receipt of an email request identifying a custodian, the producing party may either use search terms, or use targeted collections and custodial interviews to locate responsive materials, in either case in a good faith effort to locate all ESI responsive to any document request served by the opposing side, and the producing party shall disclose the search terms or method of collection to the requesting party. After production of the responsive ESI via either method, the requesting side may propose a total of four additional search terms per custodian per producing party. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word or translations of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged

to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

The parties agree to negotiate regarding e-mail production requests in good faith.   To this end, the producing party shall provide ESI Search Reports (to the extent applicable) identifying the number of hits per search term, the custodians run against each set of terms, date ranges for the searches, and the actual terms used to the extent they differ from the e-mail production request due to a party's technical capability.

To the extent that a party produces documents written in a language other than English, that party shall also produce any English translations (whether certified, machine, or informal) that are in its care, custody, or control.

**Privilege Logs:** The Parties will exchange privilege logs at a date to be agreed upon later, once document productions are substantially complete. Privileged or work-product protected communications that post-date the filing of the complaint in this litigation, involve counsel, and directly concern this litigation or *inter partes* reviews involving the asserted patents need not be identified on a privilege log. Similarly, privileged or work-product protected communications from prior litigation involving the patents-in-suit need not be identified on a privilege log. A party need include only one entry on the log (including the names of all of the recipients of the communications) to identify withheld emails that constitute an

uninterrupted dialogue between or among individuals, provided that all participants to any portion of such dialogue shall be included in the log entry if the log entry reflects more than one email. The parties shall also log any redacted documents and identify those document(s) by Bates number in the respective log entry(ies).

Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose. The foregoing provisions do not otherwise modify the treatment of inadvertently produced material under the agreed Protective Order.

## IV.   DISCOVERY SCHEDULE

### A.   FACT DISCOVERY

Fact discovery commenced on August 10, 2022.  All written discovery requests shall be served no later than 30 days prior to the close of fact discovery. Discovery shall include any relevant opinions of counsel if Defendants intend to rely upon an opinion of counsel as a defense to a claim of willful infringement.

### B.     RULE 26(a)(1) INITIAL DISCLOSURES

The parties exchanged the initial discovery disclosures required by Rule 26(a)(1) by September 14, 2022.

### C.     DEADLINE TO ADD PARTIES

The deadline for adding parties is December 16, 2022. The deadline for amending the pleadings is December 16, 2022.

### D.     DISCLOSURE OF INFRINGEMENT CONTENTIONS

The patentee must file and serve disclosures of and an initial document production that identifies, as specifically as possible, the following information by September 28, 2022:

a. Each patent claim that is allegedly infringed by each opposing party.

b. For each asserted claim, the accused product of each opposing party of which the patentee is aware.  This identification shall be as specific as possible.   Plaintiff shall identify each accused product by name or model number, if known.

c. A chart identifying specifically where each limitation of each asserted patent claim is found within each accused product, including for each limitation that such party contends is governed by 35 U.S.C. § 112 ¶ 6, the identity of the structure(s), act(s), or material(s) in the accused product that performs the claimed function. If the patentee alleges the

patent is standard essential, plaintiff must provide a chart identifying for each limitation of each asserted patent claim specifically which standard the patent is essential to, including which version(s) and explain how the claims are mandatory to the standard.

d. Whether each claim limitation of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the accused product. For any claim under the doctrine of equivalents, the contentions must include an explanation of each function, way, and result that is equivalent and why any difference are not substantial.

e. For each claim that is alleged to be indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. If alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described;

f. for any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled;

g. identification of the basis for any allegation of willful infringement;

h. if a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own or its licensee's

apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted patent, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim, including whether it is marked (actually or virtually) with the patent number; and

i. Production of a complete copy of the file histories for the patents-in-suit, including related patents claiming priority from either the patents-in-suit or their parents, foreign equivalents and their file histories.

### E. DISCLOSURE OF INVALIDITY CONTENTIONS

Any party asserting invalidity or unenforceability claims/defenses must file and serve disclosures and initial document production containing the following by November 16, 2022. Defendants will file and serve all disclosures jointly to the extent possible.

a. Each item of prior art that forms the basis for any allegation of invalidity by reason of anticipation under 35 U.S.C. § 102 or obviousness under 35 U.S.C. § 103. For prior art that is a document, a copy of the document should be provided to the patentee's counsel or be identified by Bates Number if it was previously produced. As to prior art that is not documentary in

nature, such prior art shall be identified with particularity (by "who, what, when, and where" etc.) as to publication date, sale date, use date, source, ownership, inventorship, conception and any other pertinent information.

b.    Each prior art patent shall be identified by its number, country of origin, date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art sales or public disclosures under pre-AIA 35 U.S.C. § 102(b) / post-AIA 35 U.S.C. § 102(a)(1) shall be identified by specifying the item offered for sale or publicly used or the information known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under pre-AIA 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under pre-AIA 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances

surrounding the making of the invention before the patent applicant(s).  Prior art references under post-AIA 35 U.S.C. § 102(a)(1) showing that the claimed invention was otherwise available to the public shall be identified by specifying the form and nature of the reference, the manner in which the reference was made public, and the date on which the reference was made public.

c.   Whether each item of prior art anticipates each asserted claim or renders it obvious.  If a combination of items or prior art makes a claim obvious, each such combination, and the reason why a person of ordinary skill in the art would combine such items must be identified.

d.   A chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each claim limitation that such party is governed by 35 U.S.C. § 112 ¶ 6, the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function, and to the extent that the party asserting invalidity is relying on a claim of priority, such as to a parent application, a PCT application, or a provisional application, the party must

identify all disclosure from the priority application(s) that the party claims supports an earlier disclosure date; and

e.  For any grounds of invalidity based on 35 U.S.C. § 101, 35 U.S.C. § 112, or other defenses, the party asserting the claim or defense shall provide its reasons and evidence why the claims are invalid or the patent unenforceable and make specific reference to relevant portions of the patent specification and/or claims. Such positions shall be made in good faith and not simply *pro forma* arguments.

f.  Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show or allow third-party discovery into the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its infringement contentions;

**F.  DEADLINE FOR AMENDING INFRINGEMENT AND INVALIDITY CONTENTIONS**

Each party shall seasonably amend any infringement or invalidity contention in accordance with Rule 26(e) of the Federal Rules of Civil Procedure upon learning that the contention is incomplete or incorrect.  The parties should conduct timely discovery so that these contentions can be updated as soon as possible.  Any amendment to a party's infringement or validity contentions must be timely made

but in no event later than one month after the Court's claim construction ruling. The parties may not amend such contentions later than one month after the Court's claim construction ruling. The parties may not amend such contentions after these deadlines absent good cause and leave of the Court, unless otherwise agreed to in writing by all parties. Amendments by Defendants will be made jointly.

### G.   SETTLEMENT CONFERENCE

The parties shall contact the Court's Technical Advisor to discuss the timing of having a settlement conference after the issuance of a *Markman* order.

### H.   CLAIM CONSTRUCTION PROCEEDINGS

Pursuant to the decision of *Markman v. Westview Instruments, Inc*., 116 S. Ct. 1384 (1996), the following procedures will be followed for resolution of claim construction issues in this case. Unless otherwise authorized by the Court, all exchanges, submissions, briefs, and the like, will be submitted jointly by Defendants.

a.   INITIAL IDENTIFICATION OF DISPUTED CLAIM TERMS – The parties will exchange lists of what claim terms may need to be interpreted by the Court by December 1, 2022.

b.   PROPOSED INTERPRETATIONS – On or before December 15, 2022, the parties shall exchange, but not file, a chart or table that lists for each disputed claim term the party's proposed interpretation of the disputed claim term along with citations to

the intrinsic and extrinsic evidence (e.g., patent, prosecution history, dictionary definitions, etc.) that supports its interpretation along with a summary of any testimony that is expected to be offered to support that interpretation. Defendants will jointly submit to Plaintiff their proposed interpretations.

c.   FINAL IDENTIFICATION OF DISPUTED CLAIM TERMS – By January 18, 2023, the parties shall confer again about the claim terms in dispute. At or before this meeting, the parties shall attempt to narrow and finalize the claim terms that need to be interpreted by the Court.  If, at any time, the parties determine that a claim construction hearing is not necessary, they shall notify the Court in a timely matter.  The parties shall set forth separately the construction of those claim terms on which the parties agree.

d.   TECHNOLOGY TUTORIAL – The Court will hold an informal conference with the attorneys on [Parties to leave blank: Case Manager will schedule approximately 2 weeks after Final Identification of Disputed Claim Terms] at 10:00 a.m.  At the conference, the attorneys for each side will explain the technology at issue in the litigation.  The conference will not be

recorded.  At this conference, the parties shall inform the Court of how many claim terms they propose that the Court interpret. The Court may limit the number of terms that will be interpreted at an initial Markman hearing.

e.     PLAINTIFF'S OPENING CLAIM CONSTRUCTION BRIEF – Plaintiff(s) shall file its opening claim construction brief on or before February 16, 2023. Plaintiff's opening claim construction brief shall not exceed 25 Pages 14 point font, unless a different page limit is set by the Court.

f.     DEFENDANTS' RESPONSE BRIEF – Defendant(s) shall jointly file a single responsive claim construction brief on or before March 16, 2023. Defendants' joint response claim construction brief shall not exceed 25 pages 14 point font, unless a different page limit is set by the Court.

g.     PLAINTIFF'S REPLY BRIEF – To the extent that Plaintiff intends to file a reply brief on claim construction issues, Plaintiff(s) shall file with the Court and serve on opposing counsel its reply brief by March 30, 2023.  Plaintiff shall also file and serve within this time period a four-column claim interpretation chart in the form of Exhibit B. Plaintiff shall also

submit a copy of the final version of the claim chart to the Court in Microsoft Word format via email as a proposed order through the Court's electronic filing system.  The Plaintiff's reply brief shall not exceed 7 pages 14 point font.

h.      CLAIM CONSTRUCTION HEARING – The Court will conduct a claim interpretation hearing on [Parties to leave blank: Case Manager will schedule approximately ~ 2-3 months from reply brief deadline]. The Court does not typically hear live testimony at the claim construction hearing.  A request for live testimony must be made by written motion.

## M.    EXPERT DISCOVERY

Each party shall serve expert reports as required by Rule 26(a)(2), on issues where that party bears the burden of proof, 14 weeks after issuance of a claim construction order.  On issues where a party does not bear the burden of proof, rebuttal expert reports are due 18 weeks after issuance of a claim construction order. Expert discovery will close four weeks after service of rebuttal reports.

## N.   MOTIONS

All dispositive and *Daubert* challenge motions shall be filed on or before 26 weeks after the *Markman* Order. Oppositions to such motions shall be due 21 days thereafter.

**SO ORDERED**

Dated: _____

_____

The Honorable Terrence G. Berg
United States District Court Judge

Date:  September 23, 2022

Respectfully submitted,

*/s/ Paul R. Steadman*
Paul R. Steadman
(Illinois Bar No. 6238160)
Matthew Satchwell
(Illinois Bar No. 6290672)
Shuzo Maruyama
(Illinois Bar No. 6313434)
DLA PIPER LLP (US)
444 West Lake Street, Suite 900
Chicago, IL 60606-0089
Tel: 312.368.2135
Fax: 312.251.2850
paul.steadman@us.dlapiper.com
matthew.satchwell@us.dlapiper.com
shuzo.maruyama@us.dlapiper.com

Brian Erickson (Texas Bar No. 24012594)
DLA PIPER LLP (US)
303 Colorado Street, Suite 3000
Austin, Texas 78701-4653
Tel: 512.457.7059
Fax: 512.721.2263
brian.erickson@us.dlapiper.com

***Counsel for Defendants Toyota Motor
Corporation, Toyota Motor North
America, Inc., Toyota Motor Sales,
U.S.A., Inc. and Toyota Motor
Engineering & Manufacturing North
America, Inc. and Toyota Motor Credit
Corporation***

*/s/ Conrad A Gosen*
Joseph A. Herriges
MN Bar No.  390350
Conrad A. Gosen
MN Bar No. 0395381
James Huguenin-Love

*/s/ Jason D. Cassady*
Jason D. Cassady
Texas State Bar No. 24045625
Email: jcassady@caldwellcc.com
Christopher S. Stewart
Texas State Bar No. 24079399
Email: cstewart@caldwellcc.com
Daniel R. Pearson
Texas State Bar No. 24070398
Email: dpearson@caldwellcc.com
Bailey A. Blaies
Texas State Bar No. 24109297
Email: bblaies@caldwellcc.com

**CALDWELL CASSADY CURRY
P.C.**
2121 N. Pearl St., Suite 1200
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

Jaye Quadrozzi (P71646)
**YOUNG, GARCIA &
QUADROZZI, PC**
2775 Stansbury Blvd., Suite 125
Farmington Hills, MI 48334
Telephone: (248) 353-8620
Email: quadrozzi@youngpc.com

***Attorneys for Plaintiff
NEO WIRELESS, LLC***

*/s/ Matthew J. Moore*
Matthew J. Moore
Michael A. David
Benjamin L. Smith
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000

MN Bar No. 0398706
FISH & RICHARDSON P.C.
60 South Sixth Street, 3200 RBC Plaza
Minneapolis, MN 55402
Telephone:  (612) 335-5070
Facsimile:  (612) 288-9696
herriges@fr.com, gosen@fr.com,
huguein-love@fr.com

Michael J. McKeon, DC Bar No. 459780
Christian Chu, DC Bar No. 483948
Jared Hartzman, DC Bar No. 1034255
Joshua Carrigan, VA Bar No. 96911
FISH & RICHARDSON P.C.
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
Telephone:  (202) 783-5070
Facsimile:  (202) 783-2331
mckeon@fr.com, chu@fr.com,
hartzman@fr.com, carrigan@fr.com

J. Michael Huget (P39150)
Sarah E. Waidelich (P80225)
HONIGMAN LLP
315 East Eisenhower Parkway
Suite 100
Ann Arbor, MI 48108
Tel: (734) 418-4254
Fax: (734) 418-4255
mhuget@honigman.com,
swaidelich@honigman.com

***Counsel for Defendants General Motors Company and General Motors LLC***

*/s/ Celine J. Crowson*
Celine J. Crowson
(DC Bar No. 0436549A)
Hogan Lovells US LLP
555 Thirteenth St, NW

Washington, DC 20004
Tel: (202) 637-2000
Fax: (202) 637-2201
matt.moore@lw.com
michael.david@lw.com
ben.smith@lw.com

Clement J. Naples
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
clement.naples@lw.com

Gabrielle A. LaHatte
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600
Fax: (415) 395-8095
gabrielle.lahatte@lw.com

***Attorneys for Defendant Ford Motor Company***

*/s/ Thomas H. Reger II*
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070

Lawrence Jarvis
Georgia Bar No. 102116
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, Georgia 30309
Telephone: (404) 892-5005

Washington, DC 20004
Telephone: (202) 637-5703
Facsimile: (202) 637-5910
Email: celine.crowson@hoganlovells.com

**_Counsel for Defendant Mercedes-Benz USA, LLC_**

/s/ Frank C. Cimino, Jr.
Frank C. Cimino, Jr.
Megan S. Woodworth
Jonathan L. Falkler
Robert C. Tapparo
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
(202) 344-4569
FCCimino@Venable.com
MSWoodworth@Venable.com
JLFalkler@Venable.com
RCTapparo@Venable.com

Patrick G. Seyferth (P47575)
Susan M. McKeever (P73533)
BUSH SEYFERTH PLLC
100 W. Big Beaver Road, Suite 400
Troy, MI 48084
(248) 822-780
seyferth@bsplaw.com
mckeever@bsplaw.com

**_Attorneys for FCA US LLC_**

/s/ Peter J. Brennan
Reginald J. Hill (IL Bar #6225173)
Peter J. Brennan (IL Bar #6190873)
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
Telephone: (312) 222-9350

Facsimile: (404) 892-5002

Elizabeth Ranks
Massachusetts Bar No. 693679
ranks@fr.com
FISH & RICHARDSON P.C.
1 Marina Park Drive
Boston, Massachusetts 02210
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

J. Michael Huget (P39150)
Sarah E. Waidelich (P80225)
HONIGMAN LLP
315 East Eisenhower Parkway
Suite 100
Ann Arbor, MI 48108
Tel: (734) 418-4254
mhuget@honigman.com
swaidelich@honigman.com

**_Counsel for Defendant Tesla, Inc._**

rhill@jenner.com
pbrennan@jenner.com

**Counsel for Defendants**
**NISSAN NORTH AMERICA INC.**
**AND NISSAN MOTOR**
**ACCEPTANCE CORPORATION a/k/a**
**NISSAN MOTOR ACCEPTANCE**
**COMPANY LLC**

 /s/ John T. Johnson
John T. Johnson
FISH & RICHARDSON P.C.
7 Times Square, 20th Floor
New York, NY 10036
Telephone: (212) 765-5070
Facsimile: (212) 258-2291
E-mail: jjohnson@fr.com

Ruffin B. Cordell
Benjamin J Christoff
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W.
Suite 1000 Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331
E-mail: Cordell@fr.com

Thomas Branigan (P41774)
Bowman and Brooke LLP
41000 Woodard Avenue, 200 East
Bloomfield Hills, MI 48304
Telephone: (248) 205-3300
Facsimile: (248) 205-3399
thomas.branigan@bowmanandbrooke.com

**Counsel for Defendants**
**AMERICAN HONDA MOTOR CO.,**
**INC. AND HONDA DEVELOPMENT**

/s/Deirdre M. Wells
Susan M. McKeever
Justin B. Weiner
Bush Seyferth PLLC
100 West Big Beaver Road
Suite 400
Troy, MI 48084
(248) 822-7851
mckeever@bsplaw.com
weiner@bsplaw.com

Daniel E. Yonan
Deirdre M. Wells
Ryan C. Richardson
William H. Milliken
Anna G. Phillips
Sterne, Kessler, Goldstein & Fox
P.L.L.C
1100 New York Avenue NW
Suite 600
Washington, DC 20005
(202) 371-2600
dyonan@sternekessler.com
dwells@sternekessler.com
rrichardson@sternekessler.com
wmilliken@sternekessler.com
aphillips@sternekessler.com

**Counsel for Defendants**
**Volkswagen Group of America, Inc.**

**& MANUFACTURING OF**          *and Volkswagen Group of America*
**AMERICA,  LLC**                    *Chattanooga Operations, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that on September 23, 2022, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

<u>/s/ Jason D. Cassady</u>
Jason D. Cassady

30

**EXHIBIT A (Subject to Relevant Data Protection Laws)**

**Metadata Field**

| Field | Comments |
|---|---|
| BegBates | Beginning Bates number |
| EndBates | Ending Bates number |
| BegAttach | Bates number of the first page of a family range |
| EndAttach | Bates number of the last page of a family range |
| PageCount | Number of pages in a document. |
| FileExtension | Original file extension as the document was maintained in the ordinary course |
| FileSize | File size in bytes |
| Custodian | Custodian full name |
| Author | Document author information for non-email |
| From | Email From |
| To | Email TO |
| Cc | Email CC |
| BCC | Email BCC |
| Subject | Email Subject |
| Attachments | Name of attached file(s) as maintained in the ordinary course of business. |
| DateCreated | File date and time created MM/DD/YYYY HH:MM AM/PM |
| DateModified | File date and time modified MM/DD/YYYY HH:MM AM/PM |
| DateSent | Email date and time sent MM/DD/YYYY HH:MM AM/PM |
| DateReceived | Email date received.  MM/DD/YYYY |
| FileName | Name of the file as maintained in the ordinary course of business with extension. |
| MD5Hash | The computer-generated MD5 Hash value for each document. |
| TextPath | The path to the corresponding text file for each record on the delivery media, including filename. |
| NativePath | The path to the native-format file corresponding to each record on the delivery media, including the file name (if a native-format file is provided). |

**EXHIBIT B**

**CLAIM INTERPRETATION CHART**

| Disputed Claim Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction | Court's Construction |
|---|---|---|---|
| 1.    "Term 1" | | | |
| 2.    "Term 2" | | | |
| 3.    "Term 3" | | | |
| 4.    "Term 4" | | | |